# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

GLENN STEPHENS III,

               Plaintiff,

    v.

MELVIN R. COHICK, et al.,

               Defendants.

CIVIL ACTION NO. 4:22-CV-01460

(MEHALCHICK, M.J.)

## MEMORANDUM

This action brought by *pro se* Plaintiff Glenn Stephens III, PhD., J.D. ("Stephens"), was commenced by the filing of a complaint pursuant to 28 U.S.C. § 1332 on September 19, 2022, against Defendants Melvin R. Cohick, Diane Hill Jones, Leroy H. Keiler, III, Lori Cohick Barner, Dale A. Tice, Esq., and "Partners, Carpenter, Harris & Flayhart" (collectively "Defendants"). (Doc. 1). The complaint states that the events giving rise to this action involve an unlawful eviction in violation of a Centers for Disease Control ("CDC") moratorium. (Doc. 1, at 4). Having conducted the statutorily-mandated screening of Stephens's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that it lacks jurisdiction to hear Stephens's claims and that Stephens has failed to state a claim upon which relief may be granted.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

On September 19, 2022, Stephens, proceeding *pro se*, filed the instant action against Defendants. (Doc. 1). Concurrently with his complaint, Stephens filed a motion for leave to

proceed *in forma pauperis*.[1] (Doc. 2). In the complaint, Stephens claims "[t]his action arises from 'reprehensible' conduct, both tortious and criminal," and asserts Defendant Melvin Dick Cohick's "vindictive ultra vires eviction constitutes negligence per se because that conduct violates a public rule or regulation passed to prevent such conduct." (Doc. 1, at 6). The complaint states: "[Stephens], who has a settlement rate over 90% as an arbitrator, mediator and representative, offers to each Defendant the opportunity to settle this case involving an unlawful eviction in facial violation of the CDC moratorium for $2518.94," for the total amount of $20,151.52. (Doc. 1, at 4). Alternatively, Stephens states if any Defendant refuses to settle, he will "seek treble compensatory damages from that Defendant and applying the maximally allowed Constitutional ratio of compensatory damages to punitive damages either nine (9) times that compensatory damages amount," in the amount of $68,011.38, "or eleven (11) times compensatory damages," in the amount of $83,125.02. (Doc. 1, at 4).

II.     **SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

---

[1] The Court grants Stephens's motion for leave to proceed *in forma pauperis* by separate order. (Doc. 2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

- 4 -

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III.    **DISCUSSION**

A.    LACK OF SUBJECT MATTER JURISDICTION

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Additionally, "federal district courts are vested with original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between 'citizens of different States.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citing 28 U.S.C. § 1332(a)(1)).

Stephens attempts to invoke diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1, at 1-2). However, in order to invoke diversity jurisdiction, Stephens must allege:

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an

action between citizens of a State and citizens or subjects of a foreign state
who are lawfully admitted for permanent residence in the United States and
are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state
are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens
of a State or of different States.

28 U.S.C. § 1332(a).

Stephens alleges diversity of citizenship exists between the parties because he is a resident of Colorado and enjoys complete diversity with Defendants, all of whom reside in Pennsylvania. (Doc. 1, at 4). However, Stephens fails to satisfy the requirement that the amount in controversy exceeds the sum or value of $75,000, because he seeks either: (1) settlement in the amount of $20,151.52, or (2) treble compensatory damages from that Defendant and applying the maximally allowed Constitutional ratio of compensatory damages to punitive damages either nine (9) times that compensatory damages amount," in the amount of $68,011.38, "or eleven (11) times compensatory damages," in the amount of $83,125.02. (Doc. 1, at 4). It appears Stephens actually seeks settlement with an award of $20,151.52, which is not an amount in controversy that exceeds $75,000. Thus, Stephens has failed to demonstrate that diversity jurisdiction exists in this case. Additionally, it is unclear what Stephens seeks and he provides no indication regarding the Constitutional provision from which his claims arise. (Doc. 1, at 4-7). Therefore, Stephens has failed to allege a claim over which the Court has original jurisdiction. (Doc. 1).

## B. FAILURE TO STATE A CLAIM UNDER RULE 8

Stephen's complaint fails to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna Cty. Prison,* 438 F. App'x 158, 160 (3d Cir. 2011).

While the undersigned must construe the complaint liberally due to Stephens's status as a *pro se* litigant, the complaint fails to meet the pleading requirements of Rule 8. (Doc. 1). Stephens has not expressly alleged any claim arising out of the Constitution and it is unclear what rights he alleges have been violated by the Defendants' conduct. (Doc. 1). Liberally construing the complaint, it appears Stephens is raising wrongful eviction and negligence *per se* claims based upon Defendants' violation of a CDC moratorium, which temporarily halted evictions due to the COVID-19 pandemic. (Doc. 1, at 4, 6).

A plaintiff may bring a civil rights action under 42 U.S.C. § 1983 against any person who allegedly deprived the plaintiff of his federal constitutional rights while acting pursuant to state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). To prevail on a claim involving a violation of the Fourteenth Amendment right to procedural due process, Carter must show: (1) a protected property interest; and (2) a procedure that did not afford meaningful notice and an opportunity to be heard. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972); *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). To prove a "wrongful eviction" claim, Stephens must show a "wrongful act by the landlord which result[ed] in an interference of [his] possession" of the property. *Pollock v. Morelli*, 369 A.2d 458, 460 (Pa. Super. 1976) (citing *Minnich v. Kauffman*, 108 A. 597 (Pa. 1919) (landlords who interfere with the implied covenant of quiet enjoyment of their tenants are liable for damages)). Furthermore, an ordinary negligence claims does not

- 7 -

state a claim for relief under § 1983 because it does not allege a Constitutional violation. Pennsylvania recognizes that a violation of a statute or ordinance may serve as the basis for negligence *per se*. *Ramalingam v. Keller Williams Realty Group, Inc.*, 121 A.3d 1034, 1042 (Pa. Super. 2015). However, a court will not use a statute or regulation as the basis of negligence *per se* where the purpose of the statute is to secure to individuals the enjoyment of rights or privileges to which they are entitled only as members of the public. *Centolanza v. Lehigh Valley Dairies*, 635 A.2d 143, 150 (1993), aff'd 658 A.2d 336 (1995). In order to state negligence *per se* in Pennsylvania, a plaintiff must allege: "(1) the purpose of the statute [is], at least in part, to protect the interest of a group of individuals, as opposed to the public generally; (2) the statute or regulation must clearly apply to the conduct of the defendant; (3) the defendant must violate the statute or regulation; and (4) the violation of the statute must be the proximate cause of the plaintiff's injuries." *Ramalingam*, 121 A.2d at 1042-43 (citing *Schemberg v. Smicherko*, 85 A.3d 1071, 1073-74 (Pa. Super. 2014) (citation omitted)).

Stephens has failed to allege the elements of a Fourth Amendment wrongful eviction claim and failed to allege the elements required to establish a negligence *per se* claim. Although Stephens avers Defendants violated a CDC moratorium, the complaint does not identify a specific policy Defendants allegedly violated. Rather, Stephens merely attaches a CDC Eviction Protection Declaration form completed on March 30, 2021, to support his allegation that Defendants violated the CDC moratorium. (Doc. 1-1, at 1-2). Stephens must allege with sufficient particularity that the rights afforded to him under the Constitution have been violated and blanket assertions are not enough to assert a Constitutional claim. *See Binsack*, 438 F. App'x at 160. Thus, in its current form, the complaint would not provide any meaningful opportunity for Defendants to decipher or answer the vague allegations levied

- 8 -

against them. *See Twombly*, 550 U.S. at 555. As such, Stephens's complaint fails to state a claim upon which relief may be granted.

### C. LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant Stephens leave to file an amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle*, 429 U.S. at 106; *Grayson*, 293 F.3d at 108. Stephens may amend his complaint in an effort to assert a claim under the United States Constitution against Defendants.

Stephens is advised that the amended complaint must be a pleading that **stands by itself without reference to the original or amended complaints.** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Stephens is advised to follow each claim with a corresponding good-faith request for relief. Further, Stephens is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. **Failure to file a second amended complaint in accordance**

- 9 -

**with the aforementioned requirements may result in the dismissal of this action in its**

**entirety.**

IV.     **CONCLUSION**

As it stands, Stephens's complaint fails to state a claim upon which relief may be granted. (Doc. 1). The Court grants Stephens leave to file an amended complaint within thirty (30) days from the date of the Order filed concurrently with this Memorandum, on or before **Friday, October 21, 2022**.

An appropriate Order follows.


**Dated: September 21, 2022**                    *s/ Karoline Mehalchick*
                                                                        **KAROLINE MEHALCHICK**
                                                                        **Chief United States Magistrate Judge**